SCOTT C. CIFRESE, WSBA No. 25778
RYAN M. BEST, WSBA No. 33672
**PAINE HAMBLEN LLP**
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201
Telephone: (509) 455-6000
Facsimile: (509) 838-0007
ryan.best@painehamblen.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., JASON VOSS and DRAKE OSBORN and LISA OSBORN,<br><br>Plaintiffs,<br><br>vs.<br><br>MONACO ENTERPRISES, INC., a Washington corporation; JOHN DOES 1-99,<br><br>Defendants. | No. CV-12-046-LRS<br><br>**COMPLAINT FOR *QAI TAM* FALSE CLAIMS ACTION AND WRONGFUL TERMINATION AND JURY DEMAND**<br><br>**Filed Under Seal Pursuant to 31 U.S.C. §3730(b)(2)** |

Plaintiffs, Jason Voss and Drake Osborn and Lisa Osborn, on behalf of themselves and the UNITED STATES OF AMERICA, by and through their attorneys Scott C. Cifrese and Ryan M. Best of Paine Hamblen LLP, and allege as follows:

COMPLAINT FOR FALSE CLAIMS ACTION AND
WRONGFUL TERMINATION AND JURY
DEMAND - 1

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 FAX (509) 838-0007

# I. PARTIES

1.1. Plaintiffs Jason Voss, Drake Osborn and Lisa Osborn, and the marital community thereof, bring this action on behalf of the UNITED STATES OF AMERICA and its departments, branches, agencies and Armed Forces ("UNITED STATES").

1.2. The UNITED STATES is the principal victims of defendant's conduct.

1.3. At all times material, Plaintiffs Osborn were residents of Spokane County, Washington.

1.4. At all times material, Plaintiff Voss was a resident of Spokane County, Washington.

1.5. Defendant Monaco Enterprises, Inc. ("Monaco") is a Washington corporation transacting business in various other states and abroad. Monaco's principal place of business is in Spokane County, Washington. The acts of Monaco described in this Complaint occurred in Spokane County, Washington.

1.6. John Does 1-99 are employees of Monaco who participated in the acts and causes of action alleged, on behalf of themselves and Monaco.

## II. JURISDICTION AND VENUE

2.1. This Court has jurisdiction over this action under 31 U.S.C. § 3730 and 31 U.S.C. § 3732.

2.2. This civil action seeks the recovery of damages, civil penalties and disgorgement of monies obtained by Monaco as a result of violations of the Federal False Claims Act, 31 U.S.C. §§3729-3733, violations of prevailing wage statutes, and other violations of the common law which support the causes of action for unjust enrichment and/or other legal and equitable remedies that are available to this Court under the Federal False Claims Act, 31 U.S.C. §§3729-3733.

2.3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1345 and 31 U.S.C. §3732(a).

2.4. Venue is proper in the Eastern District of Washington under 28 U.S.C. §1391(b), (c) and 31 U.S.C. §3732(a). At all times material hereto, Monaco was located and transacted business in the Eastern District of Washington which is its principal place of business.

## III. FACTUAL ALLEGATIONS

3.1. Drake Osborn was hired by Monaco in October of 2007.

3.2. Drake Osborn was hired as a "Technical Services Representative, Level I."

3.3. Jason Voss was first hired by Monaco in 2003.

3.4. Jason Voss was initially hired by Monaco within the Manufacturing Department.

3.5. Jason Voss later left the company and then was rehired as a "Technical Services Representative, Level I" in 2007.

3.6. Jason Voss was later promoted to "Technical Services Representative, Level II."

3.7. As Technical Services Representatives, Drake Osborn and Jason Voss routinely worked on military bases and Department of Defense facilities throughout the country and abroad.

3.8. Neither Jason Voss nor Drake Osborn have engineering degrees, engineering licenses, or engineering expertise.

3.9. Both Jason Voss and Drake Osborn have only technical training and associate degrees. Neither Jason Voss nor Drake Osborn is an engineer.

3.10. During their employment with Monaco in Spokane County, Washington, Jason Voss and Drake Osborn became aware that Monaco presented

false or fraudulent claims to the UNITED STATES including, but not limited to the following:

    3.10.1  Monaco fraudulently billed the UNITED STATES for services not actually rendered.

    3.10.2  Monaco fraudulently billed UNITED STATES for services which should have been performed without any additional charge under the contract.

    3.10.3  Monaco fraudulently reported to the UNITED STATES hours which its employees did not work.

    3.10.4  Monaco fraudulently provided the UNITED STATES with goods and services which did not meet the standards Monaco had contractually agreed to.

    3.10.5  All acts of Monaco described in Paragraphs 3.10, 3.10.1, 3.10.2, 3.10.3 and 3.10.4, were committed with either actual knowledge of the fraudulent activity, with deliberate ignorance of the truth or falsity of the information supplied to the UNITED STATES, or with reckless disregard as to whether the UNITED STATES was being defrauded.

    3.11. In particular, Jason Voss and Drake Osborn were asked to work on behalf of Monaco at Fort Irwin in Barstow, California as technicians.

3.12. On approximately September 20, 2009, Jason Voss and Drake Osborn traveled to Barstow, California to Fort Irwin in the course and scope of their employment with Monaco.

3.13. Drake Osborn and Jason Voss were to upgrade Fort Irwin's central dispatch computer system pursuant to a contract between Monaco and the UNITED STATES.

3.14. Jason Voss and Drake Osborn arrived at Fort Irwin and first began to take an inventory of the required parts for this work.

3.15. Pursuant to the contract, a Monaco Field Engineer was required to supervise the work of Jason Voss and Drake Osborn.

3.16. While Drake Osborn and Jason Voss were conducting an inventory of parts for the job in question, they were approached by Michael Butolph, the contracting officer for Fort Irwin. Mr. Butolph inquired to Jason Voss and Drake Osborn as to why a Monaco Field Engineer was not present.

3.17. Mr. Butolph correctly asserted that the contract between Monaco and the UNITED STATES included charges by Monaco for a Field Engineer to supervise all work of Jason Voss and Drake Osborn.

3.18. After the inquiry from Mr. Butolph, Drake Osborn then telephonically confronted Tim Gaines, the Department Head for Technical Services

COMPLAINT FOR FALSE CLAIMS ACTION AND
WRONGFUL TERMINATION AND JURY
DEMAND - 6

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 FAX (509) 838-0007

Representatives at Monaco, regarding the absence of a Monaco Field Engineer to supervise Jason Voss and Drake Osborn's work.

3.19. Specifically, Drake Osborn asked when the Field Engineer would arrive.

3.20. Tim Gaines of Monaco laughed at Drake Osborn's question and said "No, we aren't sending the Field Engineer. You and Jason need to drive around the base and do a 'site survey.'"

3.21. A "site survey" was not required for Jason Voss and Drake Osborn's work was work typically performed by the Field Engineer.

3.22. Drake Osborn, after being told by Tim Gaines to conduct a "site survey," and thus impersonate a Field Engineer, asked Mr. Gaines why the UNITED STATES was being charged for field engineering services not actually being performed.

3.23. In response to this inquiry, Tim Gaines, Drake Osborn's boss at Monaco, laughed and said "That's how the Apps Engineering Department makes money."

3.24. Drake Osborn and Jason Voss have subsequently become aware that Monaco charged the UNITED STATES approximately $12,800 for the presence of a Field Engineer to supervise Jason Voss and Drake Osborn's work performed on

the Fort Irwin project in Barstow, California between September 21, 2009 and September 25, 2009.

3.25. During the entire job at Fort Irwin, neither Jason Voss nor Drake Osborn ever talked to, sent correspondence to, or interacted in any way with a Field Engineer of Monaco.

3.26. Monaco sought to conceal from the contract officer the lack of Field Engineer work and supervision of the project.

3.27. Drake Osborn raised the issue of refunding the UNITED STATES the approximately $12,800 charged for Field Engineer work. Monaco told Drake Osborn that Monaco "doesn't like to give money back" and instructed him to "go play Field Engineer."

3.28. Monaco further stated to Drake Osborn to never raise the issue of issuing a refund to the UNITED STATES again on any job.

3.29. Throughout their employment, Drake Osborn and Jason Voss were repeatedly asked to "go play Field Engineer" by Monaco.

3.30. Neither Jason Voss nor Drake Osborn, by training, experience, or qualifications are Field Engineers.

3.31. Upon information and belief, and based upon statements from Monaco employees and sales documents received, Monaco has systemically charged the UNITED STATES for services and goods never received.

3.32. In many instances, Monaco has instructed its employees to aid Monaco in deceiving the UNITED STATES as to the failure to provide the actual services and goods described in contracts.

3.33. Monaco, upon information and belief, has charged excessive rates under inflated classifications for the services of Monaco employees.

3.34. Upon information and belief, Monaco has not paid the appropriate prevailing wages to its employees while charging the UNITED STATES fixed rates under GSA contracts.

3.35. Monaco repeatedly asked Drake Osborn, Jason Voss and others in the technical services department to train UNITED STATES employees on how to use the new systems.

3.36. Monaco charged hourly for training sessions; however, never delivered the amount of training hours agreed to under the contracts.

3.37. Additionally, Jason Voss, Drake Osborn and other employees were required to provide training which they were not qualified or licensed to perform.

3.38. Drake Osborn later raised Monaco's failure to pay required prevailing wages to its employees and other issues of fraud upon the UNITED STATES to Monaco, and was shortly thereafter terminated.

3.39. After Drake Osborn raised issues of fraud upon the UNITED STATES to Monaco, Monaco subsequently restricted all Technical Services Representatives access to sales order documents which indicated the pricing and number and type of employees that were to be present on each job.

## IV. CAUSES OF ACTION

### Qai Tam – Federal False Claims Act, 31 U.S.C. §§3729-3737.

4.1.  Plaintiffs reallege paragraphs 1.1 through 3.39 of this Complaint.

4.2.  Based upon the above-described acts and statements, Monaco knowingly presented or caused others to present, to officers, employees, agents, branches and divisions of the UNITED STATES, false or fraudulent claims, false records and statements, to obtain payment or approval in violation of the Federal False Claims Act, 31 U.S.C. §§3729-3733.

4.3.  By virtue of the above-described acts, Monaco had actual knowledge that as a result of its acts and failures to disclose information Monaco was paid monies to which it was not entitled to charge or retain and unlawfully deprived the UNITED STATES of monies and services. By obtaining funds and retaining funds

COMPLAINT FOR FALSE CLAIMS ACTION AND
WRONGFUL TERMINATION AND JURY
DEMAND - 10

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 FAX (509) 838-0007

improperly paid by the UNITED STATES for services either not rendered, rendered incompletely or as to which improper wages were charged, Monaco unjustly enriched itself at the expense of the UNITED STATES and is therefore liable to account and pay the UNITED STATES pursuant to the Federal False Claims Act, 31 U.S.C. §§3729-3733.

4.4. The UNITED STATES incurred damages as a result of Monaco's fraudulent acts.

4.5. Monaco acted knowingly, with a reckless disregard and/or with deliberate ignorance of the truth or falsity of claims, records, statements, bills, and documents submitted to the UNITED STATES and conspired to defraud the UNITED STATES by getting false or fraudulent claims to be paid and by failing to properly refund the UNITED STATES for services that were never rendered or incurred by Monaco.

B. **Qai Tam – 31 U.S.C. §3730(h) Relief from Retaliatory Action.**

4.6. Plaintiffs assert 31 U.S.C. §3730(h) in regard to retaliatory action committed by Monaco against plaintiffs after they raised issues of refunds to the UNITED STATES and errors as to Monaco's compliance with prevailing wage statutes and other federal statutes.

## V. RELIEF REQUESTED

WHEREFORE, the plaintiffs pray for relief as follows:

5.1. For an award to the UNITED STATES in the amount to be determined by the Court for three (3) times the damages arising from the false or fraudulent claims and penalties; and

5.2. For an award split between Jason Voss and Drake Osborn of an appropriate percentage as authorized and determined by 31 U.S.C. § 3730 of damages penalties, costs and attorney fees awarded to the UNITED STATES arising from the false or fraudulent claims;

5.3. For an award of civil penalties pursuant to 31 U.S.C. §3729 of additional civil penalties for each fraudulent act;

5.4. For an award to plaintiffs to make each whole from retaliatory action taken by defendants, including, but not limited to, reinstatement, two times the amount of back pay, interest on back pay, costs and attorney fees pursuant to 31 U.S.C. §3730(h).

5.5. For pre and post-judgment interest on all damages;

5.6. For the plaintiffs', including the UNITED STATES investigation, costs and fees, as well as the plaintiffs' reasonable attorney fees and other costs as allowed or otherwise recoverable under the Court Rules and/or any other

COMPLAINT FOR FALSE CLAIMS ACTION AND
WRONGFUL TERMINATION AND JURY
DEMAND - 12

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 FAX (509) 838-0007

applicable federal statute, code or regulation, and in particular, but not limited to, 31 U.S.C. §3729 through §3733;

5.7. For such other and further legal and equitable relief as is just and equitable in the case.

## VI. JURY DEMAND

Plaintiffs hereby request a jury trial in this matter.

DATED this 11th day of January, 2012.

**PAINE HAMBLEN LLP**

By: /s/ RYAN M. BEST
SCOTT CIFRESE, WSBA No. 25778
RYAN M. BEST, WSBA No. 33672
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201
Telephone: (509) 455-6000
Facsimile: (509) 838-0007
ryan.best@painehamblen.com
Attorney for Plaintiffs

I:\Spodocs\37979\00001\PLEAD\00981860.DOC

COMPLAINT FOR FALSE CLAIMS ACTION AND WRONGFUL TERMINATION AND JURY DEMAND - 13

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 FAX (509) 838-0007